IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIE MASON
(ADC#093233)                                                                                              PLAINTIFF

v.                                        Civil No.6:14-cv-6140

LT. PERKINS , et al.
                                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Willie Mason pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated in the Department of Community Correction in Little Rock, Arkansas when his Complaint was filed, but began parole on September 17, 2014. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and Plaintiff's failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

1.       **BACKGROUND**

Plaintiff, in conjunction with another inmate, filed his Complaint on August 28, 2014. ECF No. 1. The Complaint was originally filed in the Eastern District of Arkansas, Little Rock Division,

1

but was referred to this District. In an Order dated December 8, 2014, Plaintiff Mason was severed from that case and this case was opened. ECF No. 3. In that Order, Plaintiff was directed to file an amended complaint and complete a new *in forma pauperis* application by December 29, 2014. ECF No. 3. This Order was returned as undeliverable from ADC Omega Center on December 15, 2014, indicating Plaintiff was no longer there. His mail was returned as undeliverable again on January 13, 2015, with no new address available. On January 15, 2015, an Order was filed directing his address of record be changed to the home address Plaintiff provided when he was booked into the detention center, and further directing that he file an Amended Complaint and IFP application by February 5, 2015. ECF 4. This mail was not returned as undeliverable.

Plaintiff has not communicated with the Court since he filed the original Complaint.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)

(the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely."  *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with the Court's January 15, 2015 Order which advised him that it was his responsibility to immediately inform the Court of any address changes and failure to do so could result in dismissal of this case.  ECF No. 4.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4. **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil

Procedure and Local Rules and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 10th day of March, 2015.**

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE